UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALEX CATALA,

                                              Plaintiff,

    -v.-

CNS PHYSICAL THERAPY AND ACUPUNCTURE, P.C.
d/b/a CNS Rehabilitation Center and
TAE JUNG KIM a/k/a Harry Kim

                                        Defendants.
-------------------------------------------------------------------------X

Case No. 19-cv-7106

**COMPLAINT**

Plaintiff, ALEX CATALA by and through his undersigned attorney, Arthur H. Forman, hereby filing this Complaint against defendants PHYSICAL THERAPY AND ACUPUNCTURE, P.C. d/b/a CNS Rehabilitation Center ("CNS") and TAE JUNG KIM a/k/a Harry Kim ("Kim" and collectively with the Company, the "Defendants"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day he worked a shift in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367 (a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiff was employed by the Defendants in this district.

**THE PARTIES**

*Plaintiff*

5. Plaintiff, Alex Catala ("Catala") is an adult individual residing in Queens County, New York.

*Defendants*

6. At all relevant times, the Defendants own, operate, or control a healthcare facility providing physical therapy under the trade name CNS Rehabilitation Center located at 108-25 63rd Avenue, Forest Hills, New York 11375.

7. Upon information and belief, CNS is a domestic professional corporation organized and existing pursuant to the laws of the State of New York, having a business location in the County of Queens, State of New York at 108-25 63rd Avenue, Forest Hills, New York 11375.

8. Defendant Kim is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

9. Defendant Kim is sued individually in his capacity as owner, officer and/or agent of CNS.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

10. Defendant Kim possesses or possessed operational control over CNS, an ownership interest in CNS and/or controls or controlled significant functions of CNS.

11. At all times relevant herein, Defendant, Kim, possessed substantial control over working conditions at CNS, and over the policies and practices with respect to the employment and compensation of Plaintiff.

12. Defendant Kim determines or determined the wages and compensation of the employees of CNS, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

13. At all relevant times, Defendant Kim was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

14. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. 201 *et seq.* and the New York Labor Law.

15. In each year from 2017 to present, CNS had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

16. In addition, at all times relevant, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, the therapy equipment and medical supplies utilized by the therapists and aides were manufactured outside of the State of New York.

17. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

*Plaintiff*

18. Plaintiff is a former employee of the Defendants who was employed as a physical therapy aide.  His typical duties included setting up machinery to be used by the therapists, preparing therapy tables for patients and cleaning therapy rooms after the patients left.

19. Plaintiff was employed by the Defendants from on or about and approximately November 20, 2017 until November 21, 2019.

20. Plaintiff regularly handled goods in interstate commerce, such as therapy equipment, medical supplies, cleaning products, and paper goods manufactured outside the State of New York.

21. Plaintiff's work duties required neither discretion nor independent judgment.

22. Throughout his employment with Defendants, Plaintiff was always paid his wages by check.

23. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week. He typically worked four days per week, from Monday to Thursday for at least ten and one-half hours each day. However, for the first six months of his employment, Plaintiff also worked for on Friday for seven and one-half hours.

24. Throughout his employment with Defendants, Plaintiff was also required to attend work meetings every Tuesday evening from approximately 7:00 p.m. until approximately 7:45 p.m. without pay.

25. Additionally, throughout his employment with Defendants, Plaintiff started work each morning one-half hour before CNS opened without being paid for such time.

26. Throughout his employment with Defendants, Plaintiff was not permitted to leave the premises for lunch and was only allowed fifteen or twenty minutes to eat.

27. Each week of his employment Plaintiff worked on Monday and Wednesday, from 8:30 a.m. to approximately 7:00 p.m.; on Tuesday from 8:30 a.m. to approximately 7:45 p.m.; and on Thursdays, from 9:30 a.m. to approximately 8:00 p.m.; a total of approximately 42.75 hours per week.

28. For the first approximately six months of his employment, Plaintiff also worked on Friday, from 8:30 am to approximately 4:00 p.m., a total of 50.25 hours per week for the first six months Plaintiff worked.

29. Defendants had Plaintiff record the time he started work each day and the time he ended work for the first approximately six months of Plaintiff's employment. During this period of time, Defendants paid Plaintiff $15.00 per hour, including those hours exceeding forty (40) in each week. However, Defendants did not pay Plaintiff for the weekly work meetings he attended every Tuesday for approximately forty-five minutes. Defendants also did not pay Plaintiff for the first half-hour each day he worked. Defendants told Plaintiff he had to start work one-half hour early without pay because he was being paid for a lunch break.

30. Beginning on or about May 15, 2018, Plaintiff was no longer required to keep track of his time, nor to his knowledge did the Defendants any longer utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

31. From on or about May 15, 2018, Defendants paid Plaintiff $16.00 per hour for only forty hours work, even though Plaintiff worked 42.75 hours per week, including the time he worked each day before CNS opened, and the time he attended weekly work meetings.

32. From on or about November 1, 2018 until November 21, 2019, Plaintiff's last day of employment, Defendants paid Plaintiff $17.00 per hour, for only forty hours of work, even though Plaintiff continued to work 42.75 hours per week.

*Defendants' General Employment Practices*

33. As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

34. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NYLL.

35. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

36.     Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

37.     Defendants failed to provide Plaintiff with wage statements at the time of his payment of wages, containing the overtime rate of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

38.     Defendants failed to provide Plaintiff at the time of hiring, and whenever his rate of pay changed, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

39.     Plaintiff repeats and realleges all paragraphs above as though full set forth herein.

40.     In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate.

41.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

42.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

43.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

45. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

46. Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

49. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

50. Plaintiff was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

53. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

54. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

57. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following: the overtime rate or rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

60. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiff.

b. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

c. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, and wages;

d. Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.;

e. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the FLSA.;

f. Awarding liquidated damages for the amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages under the FLSA pursuant to 29 U.S.C. §216(b).

g. Declaring that Defendants' violated the minimum wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

h. Declaring that Defendants' violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

i. Declaring that Defendants' violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, and wages;

j. Declaring that Defendants' violations of the New York Labor Law were willful;

k. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the NYLL;

l. Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b,) and 198 (1-d);

  m. Awarding Plaintiff liquidated damages for the amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation shown to be owed pursuant to NYLL §§ 198(1-a) and 663;

  n. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  o. Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

  p. Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

Dated: December 19, 2019
    Forest Hills, New York

                                /S/
                           ARTHUR H. FORMAN
                           90-20 Metropolitan Avenue
                           Forest Hills, New York 11375
                           (718) 268-2616

                           *Attorney for Plaintiff*